IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY INMAN                                  *
        Petitioner,
    v.                                       *  CIVIL ACTION NO. RDB-05-209

WARDEN                                       *
        Respondent.
                                           ******

## MEMORANDUM OPINION

I.  Factual Background

Petitioner Anthony Inman, acting *pro se*, filed an application construed as a Petition for habeas corpus relief on January 21, 2005, seeking review of decisions of the United States Parole Commission ("Commission").[1]  Petitioner challenges the constitutionality of the November, 2001 decision to revoke his parole and the applicable salient score factors and guideline range governing the terms of his confinement and new parole date.  (Paper No. 1).

On April 11, 2005, Respondent filed a Motion to Dismiss. (Paper No. 5). On May 25, 2005, Petitioner filed his Opposition. (Paper No. 13). The petition is ready for this Court's consideration. Oral hearing is not warranted. *See* Local Rule 105.6. (D. Md. 2004).

II.  Legal Analysis

The original Petition filed by Petitioner was not a model of clarity. The dispositive motion filed by the Commission does shed some light on the issues presented before this Court.

---

[1]    The Clerk shall amend the docket to substitute the Commission as the proper party Respondent.

Petitioner is currently housed at the Federal Correctional Institution in Cumberland, Maryland, where he is serving an aggregate 15-year sentence for robbery convictions imposed in the District of Columbia Superior Court on July 13, 1993. (Paper No. 5, Exs. 1 & 2). These convictions arose out of a January 12, 1993 incident in which Petitioner robbed a woman of her purse by force and violence, and a separate February 21, 1993 crime, in which he was the driver of the getaway car for a planned robbery of a woman's purse. (*Id*., Ex. 3).

Petitioner was released on parole from the 15-year term on November 6, 1996. (*Id*., Ex. 4). On May 12, 1997, however, the District of Columbia Board of Parole ("Board") issued a parole violator warrant for Petitioner's arrest based upon allegations of noncriminal violations of parole. (*Id*., Ex. 5). The Board revoked Petitioner's parole on August 5, 1997, but on February 2, 1998, granted Petitioner re-parole to supervision in the District of Columbia. (*Id*., Exs. 6 & 7).

After Petitioner's re-parole from the 15-year sentence, the Board was notified that Petitioner had allegedly violated the conditions of his supervised release on parole due to: (i) failing to participate in the "Shaw Abstinence" Program; (ii) testing positive for cocaine and opiates in 1999 and 2000; (iii) failing to notify authorities of his change of address and loss of employment; and (iv) his arrest and detention without bond for the commission of an aggravated felony in the District of Columbia.[2] (*Id*., Ex. 8). In response to this information, on May 9, 2000, the Board issued a violator warrant for Petitioner's arrest and requested that it be placed as a detainer against Petitioner, as Petitioner was then in detention on the aggravated assault charges. (*Id*., Ex. 9).

---

[2] This alleged aggravated assault involved charges that Petitioner threw rubbing alcohol on his girlfriend's body, threatened to burn her, and then threw her against a door and beat her with a belt. (Paper No. 5, Ex. 8).

On August 5, 2000, the Board was abolished and the Commission assumed all the remaining functions of the Board, including parole revocation. *See* D.C. Code, § 24-131 (2000).[3] On July 10, 2001, Petitioner was released to the Board's detainer warrant. (Paper No. 5, Ex. 10). In August of 2001, the Commission found probable cause to continue revocation proceedings against Petitioner. (*Id*., Ex. 11). The Commission notified Petitioner that it would consider the criminal and noncriminal charges against him at his revocation hearing. (*Id*.). By this time, Petitioner had been convicted of simple assault, possession of a prohibited weapon, and threats to do bodily harm. (*Id*.).

On October 25, 2001, Petitioner appeared with counsel and received his final revocation hearing by the Commission. (*Id*., Ex. 12). Examiner Charles J. Lyons considered Petitioner's parole violation behavior and his prior record. (*Id*.). Petitioner admitted all the violation charges against him, including the assault-related charges. (*Id*.). The Examiner found Petitioner's salient factor score was 5 and his behavior severity was Category 4. (*Id*.). Executive Hearing Examiner Shoquist agreed with the salient factor score computation, but found Petitioner's behavior severity to be a Category 5, because Petitioner's criminal parole violation offense involved bodily injury and aggravating factors. (*Id*.). Petitioner re-parole guidelines were 48-60 months, but Shoquist recommended 72 months instead, finding Petitioner to be a more serious risk than indicated by his salient factor score. (*Id*.).

On November 26, 2001, the Commission concurred with the Executive Hearing Examiner, revoked Petitioner's parole, and continued Petitioner to a presumptive parole after the service of 72

---

[3] *See also* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective not later than one year after date of enactment, Aug. 5, 1997) ("Revitalization Act").

months. (Paper No. 5, Ex. 13). As the Commission's decision was above Petitioner's re-parole guidelines, the Commission offered the following reasons for its action:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a more serious risk than indicated by your salient score factor in that you were on parole for two assaultive offenses when you committed an extremely aggravating assault. Not only did you beat the victim with a belt, resulting in lacerations, bruises, and welts to her upper and lower body, you also poured rubbing alcohol over her and lite [sic] a piece of paper on fire threatening her and stating, "I will burn you out." Had it not been for the intervention of police officers it is likely the victim would have been more seriously injured or possibly even killed.

(*Id*.).

On October 22, 2003, the Commission reviewed Petitioner's case to determine whether, since Petitioner's last hearing, any new and significant information had developed that merited a change in the Commission's decision. No change was found warranted. (*Id*., Ex. 14). Petitioner, therefore, remains subject to the Commission's presumptive 72-month parole date of May 1, 2006.

The Commission argues that the Petition is subject to dismissal because Petitioner received all the process to which he was entitled and because the Commission did not abuse its discretion regarding the aforementioned determinations. This Court concurs.

The record clearly shows that there was sufficient information for a violation finding. A parolee has conclusively violated the conditions of his parole if he is convicted of a criminal offense committed while under parole supervision. *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972). Further, the materials demonstrate that Petitioner was afforded adequate constitutional protection. He was given written notification of parole violations, informed of the evidence against him, given the opportunity to be heard and

to present evidence before the Commission, and was provided a copy of the written decision. This comports with due process. *Id*. at 489.

In addition, there is no showing that the Commission abused its discretion or otherwise misapplied the re-parole guidelines to Petitioner. Under 28 C.F.R. § 2.20, the Commission assesses a salient score factor, or "parole prognosis," *i.e*., the likelihood that the prisoner will remain on parole without violating the terms of his parole. Simply put, the salient factor score rates the likelihood that the offender will violate parole. *See Montoya v. United States Parole Comm'n*, 908 F.2d 635, 637 (10th Cir. 1990). An offender's salient factor score is determined by considering the following factors: the number of prior convictions, from none to four or more; prior commitments of more than thirty days, from none to three or more; the offender's age at the time of committing the current offense; whether the offender had been released from commitment for three years prior to the current offense; whether the offender was on probation, parole or in confinement at the time of the current offense; and the offender's history of drug dependence. *Id*. Based on its consideration of these factors, the Commission gives a prisoner a salient factor score, which can range from zero (poor parole prognosis) to 10 (very good parole prognosis). *See* 28 C.F.R. § 2.20.

The Commission found that Petitioner had a salient score factor of 5 based upon his robbery convictions and robbery and parole violation commitments under 28 C.F.R. § 2.20, Items A & B. This determination was not an abuse of discretion in light of the Petitioner's history and his previous convictions and commitments. Further, to the extent that Petitioner complains about the Commissioner's decision to depart upward from the guidelines, the Court discerns no abuse. The Commission is free to depart from the guidelines upon a finding of good cause. *See* 18 U.S.C. § 4206(c). In this instance, the Commission

did not exceed its authority by its upward departure. Petitioner had demonstrated continued assaultive behavior and the crimes committed against his girlfriend, for which he had been convicted, were aggravated in nature.[4] The record supported the Commission's finding that Petitioner was a more serious risk than indicated by the guidelines and that there was cause to upwardly depart from the presumptive guideline range and to give Petitioner a presumptive parole of 72 months.

### III. Conclusion

For the aforementioned reasons, the Court finds no substantive or procedural due process violations associated with Petitioner's parole revocation process. The Petition shall be dismissed. A separate Order follows.


Date:   July 14, 2005                           /s/
                                                RICHARD D. BENNETT
                                                UNITED STATES DISTRICT JUDGE

---

[4]  The Commission's regulations state that "aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed." 28 C.F.R. § 2.20(d); *see also Walker v. United States*, 816 F.2d 1313, 1317 (9th Cir. 1987) (aggravating circumstance may be used either to justify a decision above the presumptive parole range or to increase an offense rating).